UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN HAYES,<br><br>            Plaintiff,<br><br>      v.<br><br>HEATHER SHIRLEY, *et al.*,<br><br>            Defendants. | Case No. 1:23-cv-00516-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 1)<br><br>**FOURTEEN (14) DAY DEADLINE '**<br><br>Clerk of Court to assign a District Judge |

Plaintiff Tevin Hayes and seventeen other state prisoners housed at Wasco State Prison were plaintiffs in civil rights action filed as *Thomas v. Shirley*, Case No.1:23-cv-00470-BAM (PC).

## I.      PROCEDURAL HISTORY

On April 5, 2023, in the *Thomas* action, Magistrate Judge Barbara A. McAuliffe issued an Order to Sever Action, Order to Strike Unsigned Complaint, and Order to Submit Signed Complaints and Applications to Proceed *In Forma Pauperis* or Pay Filing Fee. (Doc. 1.) The Court severed the claims of the lead plaintiff, Rick L. Thomas, from the claims of the remaining seventeen plaintiffs. The Court directed the Clerk of Court to open a separate civil action for the remaining plaintiff's claims. (*Id*. at 3–4.) Accordingly, on the same day, the Clerk opened the

instant case, issued new case documents, and served the *Thomas* order on Plaintiff. (*See* Docket & Doc. 2.)

The Court also ordered the severed plaintiffs each to pay the $402.00 filing fee or submit an application to proceed *in forma pauperis* and to file a personally signed complaint or notice of voluntary dismissal within 45 days of the date of service of the order. (Doc 1 at 4.) The order was served on April 5, 2023. More than 45 days have passed since service of the order, and Plaintiff has failed to pay the filing fee or submit an application to proceed *in forma pauperis* and to file a signed complaint to commence this action.

## II.     DISCUSSION

### A.     Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423.

### B.     Analysis

Plaintiff has failed to file a signed complaint or notice of voluntary dismissal as ordered. The Court cannot manage its docket effectively if Plaintiff ceases litigating his case. Thus, the

Court finds the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The Court's April 5, 2023, order afforded Plaintiff 45 days to file a signed complaint or a notice of voluntary dismissal. Plaintiff's failure to comply with the order has caused an unreasonable delay in prosecuting this action, resulting in a presumption of injury. The third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file a signed complaint or a notice of voluntary dismissal, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, a court's warning to a party that failure to obey the court order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court warned in plain and clear terms: "**A Plaintiff's failure to comply with this order will result in dismissal of that Plaintiff's individual action**." (Doc. 1 at 4) (alteration in original). In the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued that same date, the Court advised Plaintiff:

> In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b).

3

(Doc. 2 at 1.) This provided Plaintiff adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The Court finds Plaintiff has failed to comply with the Court's order of April 5, 2023, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with court orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.   CONCLUSION

Accordingly, it is hereby RECOMMENDED:

1. This Court dismiss this action without prejudice for failure to obey court orders and failure to prosecute; and
2. Direct the Clerk of Court to close the case.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 9, 2023**

UNITED STATES MAGISTRATE JUDGE